UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUANOTHO KYLES,

       Petitioner,

v.                                  CASE NO. 2:15-CV-12804
                                    HONORABLE SEAN F. COX

J. A. TERRIS,

       Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO DISMISS AND DISMISSING THE HABEAS CASE AS DUPLICATIVE

      Federal prisoner Quanotho Kyles ("Petitioner"), currently confined at the Federal Correctional Institution in Milan, Michigan, has filed a pro se "Petition for Second or Successive 2255 or in the Alternative Petition Pursuant to § 2241 to Correct a Sentence Above the Statutory Maximum Allowed by Law Where 28 U.S.C. § 2255 is Inadequate or Ineffective to Challenge or Correct the Illegal Sentence." The petition was initially filed in the United States District Court for the Southern District of Illinois and then transferred to this Court as a habeas petition under 28 U.S.C. § 2241. In his pleadings, Petitioner contests the validity of his federal sentence of 15 years imprisonment (as an "Armed Career Criminal") arising from his plea-based conviction for felon in possession of a firearm, which was imposed in the Southern District of Illinois in 2009.

      Petitioner has already filed a federal habeas petition under § 2241 with this Court challenging the same federal sentence, which is before another district judge. *See Kyles v. Terris*, Case No. 2:15-CV-12696 (E.D. Mich.) (Edmunds, J.). He now moves to voluntarily dismiss the instant petition. The Court finds that this action must be dismissed as duplicative. A suit is duplicative, and subject to dismissal, if the claims, parties, and available relief do not

significantly differ between the two actions. *See, e.g., Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999) (internal citations omitted). The instant action is duplicative of his previously filed habeas case. Because Petitioner challenges the same sentence in both cases and raises the same claims, the Court will dismiss this second case as duplicative. *See Davis v. United States Parole Comm'n*, 870 F.2d 657, 1989 WL 25837, *1 (6th Cir. March 7, 1989) (district court may dismiss a habeas petition as duplicative of a pending habeas petition when the second petition is essentially the same as the first petition); *Nye v. Booker*, No. 07-CV-12890, 2007 WL 2318750, *1 (E.D. Mich. Aug. 9, 2007); *Harrington v. Stegall,* No. 02-CV-70573-DT, 2002 WL 373113, *2 (E.D. Mich. Feb. 28, 2002); *see also Elliott v. Wilson*, 600 F. App'x. 181 (4th Cir. 2015) (affirming dismissal of second § 2241 petition as duplicative); *Mitchell v. Gunja*, 76 F. App'x. 865, 867 (10th Cir. 2003) (same).

Accordingly, the Court **GRANTS** Petitioner's motion to dismiss and **DISMISSES** the instant case as duplicative. This dismissal is without prejudice to Petitioner's habeas action in Case No. 2:15-CV-12696. The Court notes that a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Petitioner thus need not request one from this Court or the Sixth Circuit should he seek to appeal this decision. This case is closed.

**IT IS SO ORDERED**.

Dated:  August 26, 2015                                  S/ Sean F. Cox
                                                         Sean F. Cox
                                                         U. S. District Judge


I hereby certify that on August 26, 2015, the foregoing document was served on counsel of

2

record via electronic means and upon Quanotho Kyles via First Class mail at the address below:

Quanotho Kyles 08132025
MILAN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
MILAN, MI 48160

                                              S/ J. McCoy

                                              Case Manager